**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 18-51078
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
October 1, 2019

Lyle W. Cayce
Clerk

JASON FREEMAN,

Plaintiff-Appellant

v.

SECURIAN LIFE INSURANCE COMPANY,

Defendant-Appellee

Appeal from the United States  District Court
for the Western District of Texas
USDC No. 5:17-CV-540

Before WIENER, HAYNES, and COSTA, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant Jason Freeman's 17-year-old son, Adrian, died instantly when he pulled the trigger of a revolver, the barrel of which he had inserted in his mouth immediately after he had spun that gun's cylinder and twirled the gun around his finger.   Shortly after Adrian's death, it was

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-51078

determined that the revolver had had only one cartridge in the cylinder[1]. The Deputy Medical Examiner of Bexar County, Texas, concluded that the manner of Adrian's death was suicide.

At the time of his son's tragic death, Freeman was employed by Kohl's Department Stores which maintained a group policy of accidental death and dismemberment ("AD&D") issued by Defendant-Appellee Securian Life Insurance Company. Adrian was covered under that policy as Freeman's dependent. AD&D was maintained by Kohl's in accordance with ERISA. As such, Securian had the exclusive right and sole discretion to interpret the policy's terms. Securian's exercise of such discretionary authority of interpretation was conclusive and binding on all persons "unless it [could] be shown that the determination was arbitrary and capricious."

After the parties filed competing motions for summary judgment, the district court denied Freeman's and granted Securian's. In a detailed and exhaustive opinion, the district court determined that — regardless of the fact that Adrian's death was classified as a suicide by the medical examiner — his death was, pursuant to AD&D, "caused directly or indirectly by … (1) self-inflicted injury …; or (2) suicide…."

In this case, "suicide" is a red herring. Suicide is one of two disjunctive causes of death that is excluded from coverage under AD&D. The other is self-inflicted injury. And, as the district court determined, Adrian's death was irrefutably the result of his self-inflicted injury. Securian's exclusion of

---

[1] This was a classic incident of Russian Roulette, "an act of daring comprising squeezing the trigger of a revolver held to the head after loading one chamber and spinning the cylinder." The New Shorter Oxford English Dictionary of Historical Principles, Vol. 2, page 2654 (1993).

No. 18-51078

Adrian's death from AD&D coverage under its policy was not arbitrary and capricious.

We have reviewed the record on appeal of this case, including the district court's careful and exhaustive 19-page opinion and its 12-page denial of Freeman's Motion for Reconsideration, and we are satisfied that the court was imminently correct. The disposition of this case by the district court is, in all respects,

AFFIRMED.